UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA LEE, on behalf of herself, all others similarly situated, and the general public,<br><br>         Plaintiff,<br><br>v.<br><br>NATURE'S PATH FOOD, INC.,<br><br>         Defendant. | Case No.: 23-cv-00751-H-MSB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>[Doc. No. 10.] |

  On June 26, 2023, Defendant Nature's Path Food, Inc. filed a motion to dismiss Plaintiff Rebecca Lee's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. No. 10.) On July 24, 2023, Plaintiff filed a response in opposition to Defendant's motion to dismiss. (Doc. No. 13.) On July 31, 2023, Defendant filed a reply. (Doc. No. 16.) On October 30, 2023, the Court took the matter under submission. (Doc. No. 19.) For the reasons below, the Court grants Defendant's motion to dismiss.

/ / /

/ / /

/ / /

## Background

The following factual background is taken from the allegations in Plaintiff's complaint. Defendant Nature's Path Food, Inc. sells granola cereals in various flavors, including Pumpkin Seed + Flax, Vanilla Almond + Flax, Peanut Butter, Coconut Chia, and Hemp Hearts. (Doc. No. 1, Compl. ¶ 1 & n.2.) The packaging for Defendant's cereal states that it is a "wholesome [organic] breakfast to nourish your day" and "[it'll] put you on a better path to a healthier lifestyle." (Id. ¶ 11.) As an example of such statements, Plaintiff provides in her complaint the following image depicting the packaging for Defendant's Coconut Chia Granola:



(Id. ¶ 12.)

Plaintiff alleges that those representations on Defendant's packaging are false and misleading because the granola products are high in added sugar, the excessive consumption of which harms bodily health. (Id. ¶ 1; see also id. ¶ 16 ("This health and wellness messaging for the Products is false and misleading because the Products' added sugar, between 7g and 9g per serving, contributes between 10% to 14% of their calories.").) Plaintiff asserts that contrary to Defendant's health and wellness messaging for the granola products, "scientific evidence demonstrates that consuming that amount of added sugar is decidedly not healthy." (Id. ¶ 18 (emphasis removed); see also id. ¶¶ 19-48.)

On April 24, 2023, Plaintiff filed a complaint against Defendant, alleging claims for: (1) violations of California's Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200 *et seq.*; (2) violations of the California False Advertising Law ("FAL"), California Business and Professions Code §§ 17500 *et seq.*; (3) violations of the California Consumers Legal Remedies Act, California Civil Code §§ 1750 *et seq.*; (4) breach of express warranties, California Commercial Code § 2313(1); (5) breach of the implied warranty of merchantability, California Commercial Code § 2314; (6) negligent misrepresentation; (7) intentional misrepresentation; and (8) unjust enrichment. (Doc. No. 1, Compl. ¶¶ 120-92.) By the present motion, Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all of the claims in Plaintiff's complaint with prejudice for failure to state a claim. (Doc. No. 10-1 at 3, 25.)

## Discussion

**I.    Legal Standards for a Rule 12(b)(6) Motion to Dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011) (citing Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading that states a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "'give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. Accordingly, dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008); see Los Angeles Lakers, Inc. v. Fed. Ins. Co., 869 F.3d 795, 800 (9th Cir. 2017).

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must "'accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff.'" Los Angeles Lakers, 869 F.3d at 800 (quoting AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 636 (9th Cir. 2012)). But a court need not accept "legal conclusions" as true. Iqbal, 556 U.S. at 678. "Further, it is improper for a court to assume the claimant "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In addition, a court may consider documents incorporated into the complaint by reference and items that are proper subjects of judicial notice. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010). If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995); Telesaurus VPC, LLC v. Power, 623

F.3d 998, 1003 (9th Cir. 2010).

## II.     Analysis

### A.     Plaintiff's UCL, CLRA, and FAL Claims

In the complaint, Plaintiff alleges against Defendant claims for violations of California's UCL, CLRA, and FAL. (Doc. No. 1, Compl. ¶¶ 120-53.) Defendant argues that these claims should be dismissed because Plaintiff has failed to adequately allege the requisite elements of materiality or deception. (Doc. No. 10-1 at 13-14.) Defendant asserts that no reasonable consumer would be misled by the labels at issue. (Id.)

Claims under the UCL, CLRA, and FAL are governed by the "reasonable consumer" standard. McGinity v. Procter & Gamble Co., 69 F.4th 1093, 1097 (9th Cir. 2023) (citing Williams v. Gerber Prods. Co., 552 F.3d 934, 938 (9th Cir. 2008)). Under that standard, a plaintiff "must 'show that members of the public are likely to be deceived.'" Becerra v. Dr Pepper/Seven Up, Inc., 945 F.3d 1225, 1228 (9th Cir. 2019) (quoting Williams, 552 F.3d at 938).

The reasonable consumer standard requires "more than a mere possibility that [the defendant's] label 'might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.'" Ebner v. Fresh, Inc., 838 F.3d 958, 965 (9th Cir. 2016) (quoting Lavie v. Procter & Gamble Co., 105 Cal. App. 4th 496, 508 (2003)). Rather, a plaintiff must plausibly allege "a probability 'that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'" Id. (quoting Lavie, 105 Cal. App. 4th at 508); see also McGinity, 69 F.4th at 1097 ("The touchstone under the 'reasonable consumer' test is whether the product labeling and ads promoting the products have a meaningful capacity to deceive consumers."). Put another way, "'[a] representation does not become "false and deceptive" merely because it will be unreasonably misunderstood by an insignificant and unrepresentative segment of the class of persons to whom the representation is addressed.'" Lavie, 105 Cal. App. 4th at 507 (citation omitted). "Indeed, a plaintiff's unreasonable assumptions about a product's label will not suffice." Moore v. Trader Joe's Co., 4 F.4th

874, 882 (9th Cir. 2021); see also La Barbera v. Ole Mexican Foods Inc., No. EDCV202324JGBSPX, 2023 WL 4162348, at *11 (C.D. Cal. May 18, 2023) ("The bottom line is this: under Moore, the reasonable consumer does not approach purchasing decisions with a professorial genius or inclination toward exhaustive research, but she is also not a chump, too doltish or careless to engage [a] simple analysis." (citation omitted)).

Plaintiff's UCL, CLRA, and FAL claims are based on her contention that the statements on the granola product's labeling assert that the product is "a healthy food choice."[1] (Doc. No. 13 at 10; Doc. No. 1, Compl. ¶¶ 1, 11-15.) Plaintiff further contends that this is misleading because the granola products contain added sugars, which makes the products "decidedly not healthy." (Doc. No. 13 at 1 (emphasis removed); see also Doc. No. 1, Compl. ¶¶ 16, 18-48.)

Plaintiff's theory of fraud is implausible and defective. Many California district courts "have rejected theories of fraud where plaintiffs alleged the presence of added sugars rendered a general health-related claim fraudulent." Sanchez v. Nurture, Inc., No. 5:21-CV-08566-EJD, 2023 WL 6391487, at *7 (N.D. Cal. Sept. 29, 2023); see, e.g., Yoshida v. Campbell Soup Co., No. 3:21-CV-09458-JD, 2022 WL 1819528, at *1 (N.D. Cal. May 27, 2022) ("The complaint alleges that the sugars occurring naturally in the fruits and vegetables . . . make label phrases such as 'boost your morning nutrition' and 'healthy greens' deceptive to consumers . . . . No reasonable consumer would be misled by the challenged phrases because the actual sugar content is plainly stated on the labels."); Clark v. Perfect Bar, LLC, No. C 18-06006 WHA, 2018 WL 7048788, at *1 (N.D. Cal. Dec. 21, 2018), aff'd, 816 F. App'x 141 (9th Cir. 2020) ("Plaintiffs' grievance is that the packaging led them to believe that the bars would be 'healthy' when, in supposed point of fact, the

---

[1] For the purposes of the following analysis, the Court accepts as correct Plaintiff's contention that the labels at issue make representations regarding the healthiness of the products. However, the Court is dubious that the phrases "wholesome organic breakfast" or "it'll put you on a better path to a healthier lifestyle" are indeed representations indicating that the granola products themselves are "healthy foods."

added sugar rendered them unhealthy or, in the alternative, less healthy from what they otherwise had believed. This is untenable . . . . Reasonable purchasers could decide for themselves how healthy or not the sugar content would be."); Truxel v. Gen. Mills Sales, Inc., No. C 16-04957 JSW, 2019 WL 3940956, at *4 (N.D. Cal. Aug. 13, 2019) ("[T]he Court finds that Plaintiffs cannot plausibly claim to be misled about the sugar content of their cereal purchases because Defendant provided them with all truthful and required objective facts about its products, on both the side panel of ingredients and the front of the products' labeling. Here too, the actual ingredients were fully disclosed and it was up to the Plaintiffs, as reasonable consumers, to come to their own conclusions about whether or not the sugar content was healthy for them."); see also, e.g., Horti v. Nestle HealthCare Nutrition, Inc., No. 21-CV-09812-PJH, 2022 WL 16748613, at *4 (N.D. Cal. Nov. 7, 2022) (finding that a reasonable consumer would not be misled where the labels at issue "describe [the products] as 'balanced nutritional drinks' and clearly disclose the number of carbohydrates and grams of sugar each drink contains in large print on the front of the label"); Silver v. BA Sports Nutrition, LLC, No. 20-CV-00633-SI, 2020 WL 2992873, at *8 (N.D. Cal. June 4, 2020) (finding consumer protection claims implausible where they required "that a reasonable consumer ignore the prominently displayed Nutrition Facts disclosing the total amount of sugar, as well as the ingredient list stating that 'pure cane sugar' is the second ingredient"). The Court agrees with the analysis and holdings in these district court decisions and similarly holds that Plaintiff's consumer protection claims are implausible.[2]

---

[2]   The Court acknowledges that several other district courts have reached the opposite conclusion, finding general claims of healthfulness to be misleading where the food product at issue contained excessive sugar. See, e.g., LeGrand v. Abbott Lab'ys, 2023 WL 1819159, at *10 (N.D. Cal. Feb. 8, 2023); Johnson-Jack v. Health-Ade LLC, 587 F. Supp. 3d 957, 968 (N.D. Cal. 2022); Milan v. Clif Bar & Co., 2019 WL 3934918, at *2 (N.D. Cal. Aug. 20, 2019); Krommenhock v. Post Foods, LLC, 255 F. Supp. 3d 938, 964 (N.D. Cal. 2017). (See also Doc. No. 13 at 10-11.) Nevertheless, the Court finds the reasoning and analysis set forth in Sanchez, Yoshida, Clark, and Truxel to be more persuasive and

The labeling on Defendant's granola products provides an ingredient list and nutritional fact panel stating the precise amounts of added sugars and total sugars contained in the granola. (See Doc. No. 10-4, Request for Judicial Notice ("RJN"), Ex. A.)³ Any reasonable consumer concerned about the healthiness or unhealthiness of Defendant's granola products in light of their sugar contents would be able to read the labeling and draw her own conclusion about the healthiness of the product based on the amount of sugar listed. See Truxel, 2019 WL 3940956, at *4. As such, Plaintiff has failed to state a claim for violation of the UCL, CLRA, or FAL, and the Court dismisses the claims with prejudice. See id.; Sanchez, 2023 WL 6391487, at *7; see also Moore, 4 F.4th at 882–83 ("[W]here plaintiffs base deceptive advertising claims on unreasonable or fanciful interpretations of labels or other advertising, dismissal on the pleadings may well be justified.").

### B.     Plaintiff's Claim for Breach of Express Warranty

In the complaint, Plaintiff alleges against Defendant a claim for breach of express warranty. (Doc. No. 1, Compl. ¶¶ 154-59.) Defendant argues that Plaintiff's claim for breach of express warranty fails for the same reason as her consumer protection claims. (Doc. No. 10-1 at 1.) Under California law, to prevail on a breach of express warranty claim, a plaintiff must prove "(1) the seller's statements constitute an affirmation of fact or

---

more in line with the Ninth Circuit's recent decisions regarding the reasonable consumer standard in Moore, 4 F.4th at 882, and McGinity, 69 F.4th at 1098-99 (explaining that when a statement on a label is ambiguous, a district court must consider what "other information" is available to consumers on the labeling). Therefore, the Court will follow the reasoning and holdings set forth in Sanchez, Yoshida, Clark, and Truxel as opposed to the district court cases relied on by Plaintiff.

³     The Court takes judicial notice of images of the product's packaging provided by Defendant. See Stewart v. Kodiak Cakes, LLC, 537 F. Supp. 3d 1103, 1120 (S.D. Cal. 2021) ("Judicial notice is proper over websites and images of packaging in consumer protection advertising actions."); Kanfer v. Pharmacare US, Inc., 142 F. Supp. 3d 1091, 1098–99 (S.D. Cal. 2015) ("Courts addressing motions to dismiss product-labeling claims routinely take judicial notice of images of the product packaging.").

promise or a description of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached." Patricia A. Murray Dental Corp. v. Dentsply Internat., Inc., 19 Cal. App. 5th 258, 275 (2018) (internal quotation marks omitted).

As explained with regard to Plaintiff's statutory consumer protection claims, the labels at issue do not contain any representations that would mislead a reasonable consumer. "Dismissal of breach of express warranty . . . claims is appropriate where those claims 'rely on deception that, as a matter of law, does not exist.'" Houser v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC, No. 21-CV-09390-JST, 2023 WL 7284160, at *4 (N.D. Cal. Nov. 3, 2023) (quoting Hawyuan Yu v. Dr. Pepper Snapple Grp., Inc., No. 18-cv-06664-BLF, 2020 WL 5910071, at *7 (N.D. Cal. Oct. 6, 2020)). As such, Plaintiff's claim for breach of warranty fails for the same reason as her UCL, CLRA, and FAL claims, and the Court dismisses Plaintiff's claim for breach of express warranty with prejudice. See, e.g., id.; Truxel, 2019 WL 3940956, at *4 ("Plaintiffs' breach of express and implied warranty claims fail on the same grounds that the consumer protection claims fail."); Moreno v. Vi-Jon, LLC, No. 20CV1446 JM (BGS), 2023 WL 4611823, at *10 (S.D. Cal. July 18, 2023) ("Here, Plaintiff's breach of express warranty claim fails for the same reasons his CLRA, FAL, and UCL claims do.").

C. Plaintiff's Claim for Breach of Implied Warranty

In the complaint, Plaintiff alleges against Defendant a claim for breach of implied warranty. (Doc. No. 1, Compl. ¶¶ 160-65.) Defendant argues that Plaintiff's claim for breach of implied warranty must be dismissed because Plaintiff does not allege that she was in vertical privity with Defendant. (Doc. No. 10-1 at 18-19.)

"Under California law, a plaintiff alleging a breach of implied warranty claim must be in vertical privity with the defendant." Dakin v. BMW of N. Am., LLC, No. 319CV00818GPCBGS, 2019 WL 5788324, at *2 (S.D. Cal. Nov. 6, 2019) (citing Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1023 (9th Cir. 2008)); accord Hilsley v. Ocean Spray Cranberries, Inc., No. 17CV2335-GPC(MDD), 2018 WL 6300479, at *11 (S.D. Cal. Nov. 29, 2018). "A buyer and seller stand in privity if they are in adjoining links of the

distribution chain. Thus, an end consumer . . . who buys from a retailer is not in privity with a manufacturer." Clemens, 534 F.3d at 1023 (citing Osborne v. Subaru of Am. Inc., 198 Cal. App. 3d 646, 656 n.6 (1988)).

In the complaint, Plaintiff does not allege that she was in vertical privity with defendant (i.e., that she purchased the granola products at issue directly from Defendant). Rather, Plaintiff alleges that she purchased the granola products "from Walmart and Vons stores in San Diego, California." (Doc. No. 1, Compl. ¶ 94.) As such, Plaintiff's claim for breach of implied warranty is defective as a matter of law, and the Court dismisses the claim with prejudice.[4] See, e.g., Watkins v. MGA Ent., Inc., 574 F. Supp. 3d 747, 756 (N.D. Cal. 2021) (dismissing claim for breach of implied warranty with prejudice because the operative complaint failed to allege vertical privity); Shay v. Apple Inc., No. 20CV1629-GPC(BLM), 2021 WL 1733385, at *7 (S.D. Cal. May 3, 2021) (same); Dakin, No. 319CV00818GPCBGS, 2019 WL 5788324, at *2 (same); Izzetov, 2020 WL 1677333, at *5 (same).

///

///

---

[4] Plaintiff contends that under California law, an exception to the general rule requiring vertical privity applies when the plaintiff relies on written labels or advertisements of a manufacturer. (Doc. No. 13 at 16 (citing Zeiger v. WellPet LLC, 304 F. Supp. 3d 837, 854 (N.D. Cal. 2018); Johnson v. Triple Leaf Tea Inc., No. C-14-1570 MMC, 2014 WL 4744558, at *5 (N.D. Cal. Sept. 23, 2014)).) Although Plaintiff is correct that such an exception exists, the exception only applies to claims for breach of express warranty. See Izzetov v. Tesla Inc., No. 5:19-CV-03734-EJD, 2020 WL 1677333, at *4 (N.D. Cal. Apr. 6, 2020) (citing Burr v. Sherwin Williams Co., 42 Cal. 2d 682, 696 (1954)). It does not apply to claims for breach of implied warranties. See id. at *4-5; Goldstein v. Gen. Motors LLC, No. 19CV1778-LL-AHG, 2022 WL 484995, at *9 (S.D. Cal. Feb. 16, 2022) ("The Court thus finds that the written labels or advertisements exception to privity does not apply to Plaintiff's implied warranty claims under California Commercial Code section 2314."). As such, Plaintiff's reliance on the written labels/advertisements exception is misplaced and insufficient to prevent dismissal of her claim for breach of implied warranty.

C. Plaintiff's Misrepresentation Claims

In the complaint, Plaintiff alleges against Defendant a claim for negligent misrepresentation and a claim for intentional misrepresentation. (Doc. No. 1, Compl. ¶¶ 166-87.) Defendant argues that Plaintiff's misrepresentation claims should be dismissed because Plaintiff cannot satisfy the elements of those claims. (Doc. No. 10-1 at 20.)

Under California law, "[t]he elements of intentional misrepresentation 'are (1) a misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance, (4) actual and justifiable reliance, and (5) resulting damage.'" Aton Ctr., Inc. v. United Healthcare Ins. Co., 93 Cal. App. 5th 1214, 1245 (2023) (quoting Chapman v. Skype Inc., 220 Cal. App. 4th 217, 230-31 (2013)). "The elements of negligent misrepresentation are: '(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage.'" Id. at 1245–46 (quoting Apollo Cap. Fund, LLC v. Roth Cap. Partners, LLC, 158 Cal. App. 4th 226, 243 (2007)).

As explained with regard to Plaintiff's statutory consumer protection claims, Plaintiff's theory of fraud underlying all of her claims is implausible. Plaintiff has failed to adequately allege that Defendant's products contain any actionable misrepresentation. The products' labels provide an ingredient list and nutritional fact panel stating the precise amounts of added sugars and total sugars contained in the granola. (See Doc. No. 10-4, RJN, Ex. A.) As such, the labels do not make any misrepresentations regarding the potential healthiness or unhealthiness of the products in light of their sugar content. See Sanchez, 2023 WL 6391487, at *9. As a result, Plaintiff's claims for negligent misrepresentation and intentional misrepresentation fail, and the Court dismisses those claims with prejudice. See, e.g., Welk v. Beam Suntory Imp. Co., 124 F. Supp. 3d 1039, 1044 (S.D. Cal. 2015) ("Welk's intentional misrepresentation claim fails for the same reason his UCL and FAL claims fail—the use of 'handcrafted' on Jim Beam's bourbon bottle wouldn't mislead a reasonable consumer."); Prescott v. Saraya USA, Inc., No. 23-

CV-00017-AJB-MMP, 2023 WL 6120610, at *4 (S.D. Cal. Sept. 18, 2023) ("[B]ecause Plaintiffs' claims of common law fraud, intentional misrepresentation, [and] negligent misrepresentation . . . are based on the same deficient allegations of deception as those analyzed above, the Court GRANTS Defendant's motion to dismiss them on the same basis.").

### D. Plaintiff's Claim for Unjust Enrichment

In the complaint, Plaintiff alleges against Defendant a claim for unjust enrichment. (Doc. No. 1, Compl. ¶¶ 188-92.) Defendant argues that Plaintiff for unjust enrichment fails for the same reason as her other claims. (Doc. No. 10-1 at 20.)

Plaintiff's claim for unjust enrichment is based on Plaintiff's other claims. (See Doc. No. 1, Compl. ¶¶ 188-92.) As a result, because the Court has dismissed those other claims with prejudice, Plaintiff's claim for unjust enrichment fails, and the Court dismisses the claim with prejudice as well. See, e.g., Gudgel v. Clorox Co., 514 F. Supp. 3d 1177, 1188 (N.D. Cal. 2021) ("As to unjust enrichment, Clorox argues that plaintiff 'does not identify any independent theory of unjust enrichment' that does not rise or fall with her statutory claims. The court agrees, and finds that plaintiff's failure to identify an actionable deception in the context of the 'reasonable consumer' test also requires the dismissal of her unjust enrichment claim."); Walcoff v. Innofoods USA, Inc., No. 22-CV-1485-MMA (AHG), 2023 WL 3262940, at *9 & n.12 (S.D. Cal. May 4, 2023) (dismissing unjust enrichment claim that was based on the plaintiff's defective consumer protection claims); Prescott, 2023 WL 6120610, at *4 (same).

/ / /
/ / /
/ / /

## Conclusion

For the reasons above, the Court grants Defendant Nature Path's motion to dismiss, and the Court dismisses Plaintiff's complaint.  Because the deficiencies identified above cannot be cured by amendment of the complaint, the Court dismisses the complaint without leave to amend.  See Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) ("A district court may deny a plaintiff leave to amend if it determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" (citation omitted)); see, e.g., Truxel, 2019 WL 3940956, at *5 (granting motion to dismiss complaint without leave to amend); Clark, 2018 WL 7048788, at *1 (same).  The Clerk is directed to close the case.

**IT IS SO ORDERED.**

DATED: November 9, 2023

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT